Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the circuit court of Fairfax county, rendered in an action of covenant brought by James M. Stewart, sergeant of the city of Alexandria, and as such committee administrator of William Henry, deceased, against the Great Falls Manufacturing Company. The action was brought on the 27th day of July, 1872. In the declaration the plaintiff averred that “on or about the 5th day of December, 1853, the said Great Falls Manufacturing Company, by its certain writing obligatory, signed by the president of the said company, and sealed with the corporate seal of the said *468 company, which said writing obligatory has been lost or destroyed, and therefore cannot now here be shown to the court, the date whereof is the day and year aforesaid, did covenant, promise and oblige itself as follows—that is to say, that it, the said defendant, would pay to the said William Henry, for the board of the employees of the said defendant, $2.50 per week for each white employee, and $2 per week for each colored employee of said defendant, and did further promise and oblige itself to pay to the said William Henry, for supplies of clothing, groceries, tobacco, and whiskey, to be supplied to said employees of said defendant by the said William Henry, to the amount of ten dollars per month to each employee”; and the plaintiff further averred, “that the said William Henry, in his lifetime, did furnish and supply the said employees of the said defendant with board, clothing, groceries, tobacco and whiskey, in the manner and form provided for in the writing obligatory aforesaid, to the amount of twenty-one hundred and fifteen dollars—to wit: for and during the months of December, 1853, and January, February and March, 1854—and that an accurate account and bill of particulars of the same was rendered to the said defendant, which the said defendant acknowledged to be just and correct.”
Then follows an averment, in due form, of a breach of the said covenant, by the non-payment of the said sum of money or any part thereof, to the said William Henry in his lifetime or to his personal representative aforesaid since his death, and by the defendant’s refusal to pay the same to them or either of them.
Various proceedings were afterwards had in the case, which need not be here mentioned, and only such will be mentioned as are deemed material to a proper decision of the case.
Issue was joined by a general replication to a plea of “covenants performed.” That issue was tried by a jury *469 on the 10th day of June, 1876, which jury found a verdict in the case in these words: “We, the jury, find the issue joined for the plaintiff, and assess his damages, by reason of the breach of covenant, at eleven hundred and eighty-eight dollars, with interest thereon from the first day of May, 1854.” Whereupon, it was “considered by the court that the plaintiff recover of the said defendant the damages by the jurors aforesaid assessed, also his costs by him in his behalf expended.”
In the course of the proceedings in the case in the court below, two bills of exceptions were taken to opinions given by the said court, one of which was taken by the plaintiff and the other by the defendant. The former need not be further noticed. The latter embraces the only question presented for the decision of this court, and will now be stated, considered and disposed of.
The jury having returned the verdict aforesaid, the defendants moved the court to set aside the verdict and grant them a new trial, which motion the court overruled. To this ruling of the court the defendants excepted, and prayed that their bill of exceptions might be signed, sealed and enrolled, which was accordingly done; and that is the bill of exceptions which presents the only question now remaining to be considered.
In that bill of exceptions, all the evidence which was given on the trial of the issue in the case, on either side, is fully set out just as it was given by the witnesses; and there is in the record no certificate made by the court below of the facts proved on the trial. In fact, no such certificate was made. In the first place, there is set out in the said bill, the testimony introduced on the trial in behalf of the plaintiff, consisting of the depositions of six witnesses, which are very long and full, viz: 1st. The widow of the plaintiff’s intestate; 2d. Wm. M. Hubbell; 3d. Joseph O’Donnahue; 4th. Oscar Lee; 5th. Richard F. Jackson; and 6th. Patrick Kelly. In the second place, *470 there is set out in the said bill the testimony introduced , . , on the trial in behalf of the defendant, consisting of the of two witnesses, which are also very long and —v'z: 1st- Richard Hirst, including the exhibits referrect to and filed with his deposition; and 2d. John Carroll Brent; and also the oral testimony which is set out in said bill oí exceptions of two other witnesses named, An-1 derson and Wm. Dickey, introduced by the defendant.
The question which this court has now to decide is, whether it will affirm the said judgment of the circuit court or reverse it for the supposed error of the said court in overruling the motion of the defendant’s in the court below to set aside the verdict and grant them a new trial.
Nothing seems to be clearer than that the testimony introduced by the plaintiff, taken by itself and regarded as true, establishes beyond all controversy the right of the plaintiff to the verdict and judgment obtained by him in the court below ; while it may no doubt be said with equal truth, that the testimony introduced by the defendant, taken by itself, and regarded as true, establishes, just as clearly, the right of the defendants to a verdict and judgment in the cause.
But the question now before us is, what are the rights of the parties respectively, after a jury has rendered a verdict in favor of the plaintiff upon the testimony in the cause, and the learned judge who presided at the trial and saw the witnesses and heard them testify, was satisfied with the verdict, and overruled the motion of the defendant to set it aside? Can the appellate court undertake to decide that the jury and thejudge who presided at the trial, erred in believing to be true a material part of the testimony necessary to maintain the plaintiff’s right of action, and therefore reverse the judgment, set aside the verdict, and remand the cause to the court below for a new trial to be had therein.
That an appellate court has no such power, or, at least, *471 ought not to do so in such a case, is clearly shown by authority, as will fully appear by reference to Read’s case, 22 Gratt. 924, and the many cases therein cited and commented upon. Without repeating here anything which is there said, it is only necessary to refer to that case, from page 941 to page 945 inclusive.
Upon the whole, the court is of opinion that there is no error in the judgment of the circuit court, and that the same must therefore be affirmed.
Judgment affirmed.